

355 POST AVENUE, SUITE 201 WESTBURY, NEW YORK 11590 PHONE (516) 334-4500 FAX (516) 334-4501 WWW.SOKOLOFFSTERN.COM

STEVEN C. STERN
SSTERN@SOKOLOFFSTERN.COM

January 6, 2010

<u>Via Regular Mail</u>
Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Filippi v. Elmont UFSD, et al.*
Docket No. CV 09-4675 (JFB) (ARL)
<u>Our File No. 090008</u>

Your Honor:

This office represents defendants Elmont Union Free School District and Superintendent Al Harper in the above-referenced case. As the Court's file will reflect, plaintiff, represented by the Law Offices of Steven A. Morelli, P.C., brings this employment discrimination action against her employer, the Elmont Union Free School District Board of Education (the "Board"), Superintendent of Schools Al Harper, and a former administrator named Robert Geras. We write to raise our concern that plaintiff's counsel has a conflict of interest in representing the plaintiff in this case.

The Vice President of defendant Board of Education, Ms. Lorraine Ferrigno, is an attorney who works as an associate with the Law Offices of Steven A. Morelli, P.C. We are concerned that Ms. Ferrigno's role as an officer of the defendant, an associate in plaintiff's counsel's office, and a potential witness in this case appear to create a significant conflict of interest in this matter.

Rule 1.7(a) of the Rules of Professional Conduct provides that, with some exceptions, a "[A] lawyer shall not represent a client if a reasonable lawyer would conclude that … the representation will involve the lawyer in representing differing interests." N.Y. Rules of Prof'l Conduct R. 1.7(a). Here, as an attorney for plaintiff and Vice President of defendant Board, Ms. Ferrigno sits squarely on opposing sides of this case. We believe that Ms. Ferrigno's firm's obligation to zealously represent plaintiff is in direct contravention to her obligation to act in the interest of the Elmont Union Free School District's Board of Education. In fact, as an officer of

SOKOLOFF STERN LLP

Honorable Joseph F. Bianco
January 6, 2010
Page 2 of 3

the Board of Education, Ms. Ferrigno supervises our individually-named client, Superintendent Al Harper.

This situation may also be subject to Rule 1.11, which states that, with certain exceptions, "a lawyer who has formerly served as a public officer or employee of the government ... shall not represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee." N.Y. Rules of Prof'l Conduct R. 1.11(a). Here, as Vice President of the Board of Education, Ms. Ferrigno was and is a public officer.

Finally, as Ms. Ferrigno is a member of the defendant Board, there is some chance that she will be called upon to give testimony in this matter. This too may bar the Law Offices of Steven A. Morelli, P.C. from representing plaintiff in this matter. Under Rule 3.7, "A lawyer may not act as advocate before a tribunal in a matter if ... another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client." N.Y. Rules of Prof'l Conduct R. 3.7(b).

In point of fact, plaintiff has sued the District in the name of the Board of Education, and has annexed to the complaint letters from the Law Offices of Steven A. Morelli, P.C. written to Ms. Ferrigno in her capacity as the Vice President of the Board of Education. Plaintiff alleges that the Board of Education (ostensibly through its members) retaliated against plaintiff based on the content of Mr. Morelli's letters. See Exh. A, annexed to plaintiff's complaint. In an October 31, 2008 letter from Mr. Morelli to the Board, Ms. Ferrigno was specifically named on the recipient list and the letter was addressed to her at an address we believe to be her home. A subsequent letter, dated November 7, 2008, was written by Mr. Morelli and addressed to the Board of Education. The complaint alleges that Board of Education retaliated against plaintiff based on the content of Mr. Morelli's letters. Ms. Ferrigno may be called upon to defend the Board against these allegations.

In advance of writing this letter, I called Mr. Morelli to bring this issue to his attention. Mr. Morelli stated that he did not believe the conflict would be an issue, as Ms. Ferrigno would not be privy to information on this case, i.e. that he had erected a "Chinese Wall" within the firm. Rule 1.10(a) provides, however, that "While lawyers are associated in a firm, none of them shall knowingly represent a client when any of them practicing alone would be prohibited from doing so by Rule 1.7...." N.Y. Rules of Prof'l Conduct R. 1.10(a). In light of Rule 1.10, the proverbial Chinese Wall is insufficient to remedy the apparent conflict or, at a minimum, the serious concerns resulting from the appearance of a conflict.

**SOKOLOFF STERN LLP**

Honorable Joseph F. Bianco
January 6, 2010
Page 3 of 3

Thank you for your consideration of this matter.

Respectfully submitted,

SOKOLOFF STERN LLP

*[signature]*

STEVEN C. STERN

cc:
Law Offices of Steven A. Morelli, P.C.
One Old Country Road, Suite 347
Carle Place, New York 11514

Cruser, Mitchell & Novitz
Attorneys for defendant Robert Geras
175 Pinelawn Road, Suite 301
Melville, New York 11747