The Law Office Of
# STEVEN A. MORELLI

One Old Country Road, Suite 347, Carle Place, New York 11514

Tel: 516-393-9151                                                                                                      Fax: 516-747-5024

January 22, 2010

*Via ECF*

Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Filippi v. Elmont UFSD. et al.*
                *Docket No. 09 Civ. 4675 (JFB)(ARL)*

Dear Judge Bianco:

      On behalf of the Plaintiff in the above matter, we write in response to Defendants' letter dated January 6, 2010 with respect to their concern that there may exist a conflict of interest in this case. From Defendants' letter, it appears their concern is based upon the fact that Plaintiff's counsel, The Law Office of Steven A. Morelli, P.C., employs Lorraine Ferrigno, Esq. as an associate. Ms. Ferrigno is also a member of the Elmont Union Free District Board of Education (the "Board"), a defendant in this case. For the reasons set forth below, we do not share Defendants' concern.

      As this very Court has stated, "the disqualification of an attorney upon the motion of the opposing counsel is a serious sanction that ought not be imposed lightly." Bowens v. Atlantic Maintenance Corp., 546 F.Supp.2d 55, 86 (E.D.N.Y. 2008). Generally, courts are reluctant to grant such motions because they are "often tactically motivated, cause undue delay, add expense, and have an immediate adverse effect on the client by separating him from counsel of his choice." Id. Specifically, "it is well established that courts in the Second Circuit approach motions for disqualification with 'fairly strict scrutiny' and that they are generally disfavored." Bowens v. Atlantic Maintenance Corp., 546 F.Supp.2d 55 (E.D.N.Y. 2008); Lamborn v. Dittmer, 873 F.2d 522, 531 (2d Cir. 1989). Indeed, "a party seeking disqualification carries a heavy burden of proof and must demonstrate that, absent disqualification, the trial would be tainted." Intelli-Check, Inc. v. Tricom Card Technologies, Inc., WL 4682433, at *3 (E.D.N.Y. 2008).

      In this case, there is no such "risk of taint." It is our understanding that immediately upon being hired by our firm on September 8, 2009, Ms. Ferrigno informed

all of the other Board members about her position with our firm. Ms. Ferrigno asked whether she had their permission to accept the position, to which she received an affirmative reply. Thereafter, Ms. Ferrigno immediately requested that she be recused from any discussions regarding this case and that she not receive any correspondence or documents concerning this case. The Board agreed that such actions would be prudent and, from that day forward, never again discussed this matter in her presence. Similarly, our firm disclosed to the Plaintiff that Ms. Ferrigno had been hired by our firm and asked her if she took issue with said employment. The Plaintiff responded that she did not. We, too, have not discussed Plaintiff's case with Ms. Ferrigno and she has not been involved, in any way, with Plaintiff's case. In fact, Ms. Ferrigno is not even aware, to our knowledge, that the current concern has been raised with the Court.

Defendants contend that a conflict of interest exists under Rule 1.7. However, the language of Rule 1.7 plainly states that it applies only to lawyers who have conflicts with respect to ***current clients***. Ms. Ferrigno sits on the Board. She does not, in any way, represent the legal interests of Defendant Elmont School District, Defendant Superintendent Al Harper, or Defendant Robert Geras. Therefore, because the Defendants are not clients of Ms. Ferrigno, Rule 1.7 does not apply to the current situation.

Defendants also assert that a conflict exists under Rule 1.11(a) of the New York Rules of Professional Conduct. While we acknowledge that a possible conflict may arise under subsection (a), subsection (b) of Rule 1.11 states that a firm may continue to represent a client, even where one of its associates is disqualified, as long as the firm promptly implements effective screening procedures, ensures the disqualified lawyer is apportioned no part of the fee, and gives written notice to the appropriate government agency. As stated above, these measures have already been enacted. Ms. Ferrigno has had absolutely no involvement with the present litigation, and will not be allocated any share of the fee derived from the case. Additionally, contrary to Defendants assertions, Comment [7] to Rule 1.11 states that small firms can erect and maintain "Chinese Walls." See Reilly v. Computer Associates Long-Term Disability Plan, 423 F.Supp.2d 5, 11-12 (E.D.N.Y. 2006). Moreover, this firm has successfully implemented such screening procedures in the past.

Finally, Defendants argue that a conflict may eventually arise under Rule 3.7. However, Comment [6] to the Rule states that a lawyer may proceed with representation if he or she first obtains written, informed consent from the client. When the Plaintiff was informed of the situation with respect to Ms. Ferrigno, she orally expressed her consent. There is no reason to believe that she would not provide written consent as well.

This firm was retained by the Plaintiff more than 15 months ago. It has already expended a substantial amount of time, effort and money on this case. More importantly, disqualification at this point in the litigation will undoubtedly cause undue delay and unnecessary hardship for the Plaintiff. The Plaintiff, this firm and Ms. Ferrigno reasonably relied on the assurances of the Board that this would not be a problematic

issue. This sudden change in position is disingenuous, and exactly the type of litigation tactic the Second Circuit is reluctant to countenance.

For the foregoing reasons, we respectfully submit that the Court should find there is no conflict of interest as a result of Ms. Ferrigno's employment with our law firm. Thank you for your time and consideration regarding this matter.

Respectfully Submitted,

_____
Steven A. Morelli (SM 4721)
Eric S. Tilton (ET 9547)
*Attorneys for Plaintiff*
The Law Office of Steven A. Morelli, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 393-9151
Fax: (516) 747-5024