UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KARIN FILIPPI,

                            Plaintiffs,                      **ORDER**
                                                                         CV 09-4675(JFB)(ARL)
       -against-

ELMONT UNION FREE SCHOOL DISTRICT
BOARD OF EDUCATION, et al.,

                            Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is defendants' letter application dated June 14, 2011, seeking a ruling on a privilege issue that arose during plaintiff's deposition held on May 26, 2011. During the deposition, plaintiff testified that she attended a meeting with her former attorney, Steven A. Morelli, in October 2008 for over an hour. Plaintiff testified that in addition to Mr. Morelli and his associate, Eric Tilton, she was accompanied by her friend and union representative, Joanne Manetta, who is not an attorney. When defense counsel questioned plaintiff about the discussions that took place during that meeting, plaintiff's counsel objected and directed plaintiff not to answer on the grounds of attorney-client privilege. Defendants contend that plaintiff waived any privilege due to Ms. Manetta's presence at the meeting and move to compel plaintiff to testify concerning the October 2008 meeting. Defendants' motion is granted.

      The attorney-client privilege protects communications between an attorney and a client that were "intended to be and [were] in fact kept confidential," and "made for the purpose of obtaining or providing legal advice." *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996); *see also Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). Where, as here, claims are based on federal and state statutes, "privilege issues are governed by common law." *Local 851 of the Int'l Bhd. of Teamsters,* 36 F. Supp. 2d 127, 129 n.2 (E.D.N.Y. 1998); *see Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 441 (S.D.N.Y. 1995) (finding that when disputed documents related to both federal and state law claims, "privilege issues are [] governed by federal common law"). "The party seeking to invoke the attorney-client privilege bears the burden of proving not only the facts upon which the claim is based, but also that any such privilege has not been waived." *Curto v,. Medical World Comms., Inc.*, No. 03 CV 6327 (DRH) (ETB), 2011 WL 1793259, at *3 (E.D.N.Y. May 11, 2011) (internal citations omitted).

      In general, "[t]he privilege applies only to communications between lawyer and client," and communications that include third parties outside the attorney-client relationship enjoy no privilege. *United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995). "Under certain circumstances, however, the privilege for communication with attorneys can extend to shield communications to others when the purpose of the communication is to assist the attorney in rendering advise to the client." *Id.* The Second Circuit has found the privilege to extend "where

a translator, or third party with the ability to appropriately communicate information between attorney and client, is required to assist the attorney in rendering propr legal advice." *Green v. Beer*, No. 06 Civ. 4156 (KMW) (JCF), 2010 WL 3422723, at *2 (S.D.N.Y. Aug. 24, 2010) (citing *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961). In order for the privilege to extend to a third party, the person asserting the privilege must first demonstrate that the client had a reasonable expectation of privacy to the communication at issue, and then "must establish that disclosure to the third party . . . was necessary for the client to obtain informed legal advice." *Id.* "The necessity element means more than just useful and convenient, but rather requires that the involvement of the third party be nearly indispensable or serve some specialized purpose in facilitating the attorney-client communication." *Id.*; *see In re Application Pursuant to 28 U.S.C. § 1782*, 249 F.R.D. 96, 101-02 (S.D.N.Y. 2008) (finding no privilege for communications between "intermediary" and attorney that helped the attorney clarify factual issues but were not necessary to the provision of legal services); *Allied Irish Banks, p.l.c. v. Bank of America, N.A.*, 240 F.R.D. 96, 102 (S.D.N.Y. 2007) (holding "where the third party's presence is merely 'useful' but not 'necessary,' the privilege is lost") (citations omitted). Moreover, "the attorney-client privilege is not waived where a confidential communication is disclosed to a party serving merely as an agent of either the attorney or the client." *Green*, 2010 WL 3422723, at *3; *see People v. Osorio*, 75 N.Y.2d 80, 85 (1989) (holding "communications made to counsel through a hired interpreter or one serving as an agent of either attorney or client to facilitate communication, generally will be privileged). Determining whether the attorney-client privilege exists "requires common sense . . . in light of reason and experience, and should be determined on a case-by-case basis." *Adlman*, 68 F.3d at 1500 n.1 (citation omitted).

In the instant matter, plaintiff argues that there was no waiver of privilege at the October 2008 meeting because: (1) she confided to Ms. Manetta about the events which gave rise to this action and in her capacity as union representative, Ms. Manetta advised plaintiff to consult with legal counsel, recommended Mr. Morelli to her, and accompanied plaintiff to the meeting with the intent of assisting plaintiff in obtaining legal advice; (2) plaintiff had a reasonable expectation of privacy that her communications with her, Mr. Morelli and Ms. Manetta would remain confidential; and (3) Ms. Manetta possessed information relative to plaintiff's rights as an employee of the district and a union member under the collective bargaining agreement which made disclosure to Ms. Manetta by both Mr. Morelli and the plaintiff necessary so that plaintiff could obtain informed legal advice. Although plaintiff maintains that Ms. Manetta acted as her agent and representative during the meeting, plaintiff's conclusory proffer utterly fails to explain why Ms. Manetta's presence was necessary, let alone nearly indispensable to the provision of legal advice. Moreover, the complaint is devoid of any allegations which would lend support to counsel's claim that Ms Manetta's presence was vital to the rendering of legal advice. At best it appears from the complaint that Ms Manetta was a possible witness to some of the events in question. The allegations of the complaint strongly suggest that plaintiff was competent to discuss her employment discrimination case fully and frankly with licensed counsel without the assistance of a third party. *Cf. In re Grand Jury Subpoenas Dated January 20, 1998*, 995 F. Supp. 332, 340 (E.D.N.Y. 1998) ("A private person . . . generally has no need for a representative to communicate with an attorney. Only in extraordinary cases, as, for example, where a client needs an interpreter, or where he is so seriously injured that he cannot deal directly with counsel, has the attorney-client privilege been extended to the designated representative of an individual

2

client"). Plaintiff has failed to set forth evidence that Ms. Manetta's assistance as union representative in clarifying factual issues in the case was necessary or served some specialized purpose in facilitating the attorney-client communication and the provision of proper legal advice. Under such circumstances, the attorney-client privilege does not extend to shield communications in which Ms. Manetta was present. Accordingly, defendants' motion to compel plaintiff to testify concerning the October 2008 meeting wherein Ms. Manetta was present is granted.

Dated: Central Islip, New York
       June 22, 2011

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge