UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KARIN FILIPPI,

                      Plaintiffs,                  **ORDER**
                                                                       CV 09-4675(JFB)(ARL)

       -against-

ELMONT UNION FREE SCHOOL DISTRICT
BOARD OF EDUCATION, et al.,

                      Defendants.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the non-party Law Offices of Neil Moldovan, P.C.'s (the "Moldovan Law Firm" or the "Firm") motion to quash a subpoena served on the Firm by defendants, seeking "[a]ny and all non-privileged documents relating to past and present litigation involving Karin Filippi. This includes, but is not limited to, pleadings, bills of particular, discovery, deposition transcripts and medical records." The Moldovan Law Firm has represented plaintiff in various personal injury matters involving, *inter alia*, back, neck and shoulder injuries. The Firm contends that the subpoena is overbroad, seeks disclosure of information that requires plaintiff's authorization, is unduly burdensome, and in any event, is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the Firm maintains that plaintiff's counsel did not receive a copy of the subpoena nor has provided duly executed authorization for plaintiff's medical records. Defendants argue principally that (i) the information being sought is relevant to plaintiff's claim of emotional damages in her employment discrimination case; (ii) they do not need plaintiff's medical records; and (iii) their failure to provide notice to plaintiff's counsel was due to an administrative oversight in that a copy of the subpoena was sent to plaintiff's former counsel. The court has neither read nor considered the Firm's reply letter dated August 12, 2011. See Local Rule 37.3(c).

      Service of subpoenas on a non-party is governed by Fed. R. Civ. P. 45(b) which provides in pertinent part: "Any party who is at least 18 years old and is not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person. . . . If the subpoena commands the production of documents . . . . then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). Here, there is no indication that defendants provided notice to plaintiff prior to serving the Firm. Defendants' explanation that they inadvertently sent a copy of the subpoena to plaintiff's former counsel fails to satisfy the notice requirement under Rule 45(b). Thus, the service of the subpoena was improper. Accordingly, the Moldovan Law Firm's motion to quash the subpoena is granted.

Dated: Central Islip, New York                        **SO ORDERED:**
       August 16, 2011

                                                                 _____/s_____
                                                                ARLENE R. LINDSAY
                                                                 United States Magistrate Judge