UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KARIN FILIPPI,

                Plaintiff,                        **ORDER**
                                                                       CV 09-4675(JFB)(ARL)

      -against-

ELMONT UNION FREE SCHOOL DISTRICT
BOARD OF EDUCATION, et al.,

                Defendants.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court are plaintiff's and the non-party Law Offices of Neil Moldovan, P.C.'s (the "Moldovan Law Firm" or the "Firm") motions to quash a subpoena served on the Firm by defendant Robert Geras, seeking the production of "[a]ll non-privileged documents relating to the personal injury files of Karin Filippi, including all legal documents, i.e., EBT transcripts, bills of particulars, and non-privileged correspondences" The Moldovan Law Firm has represented plaintiff in various personal injury matters involving, *inter alia*, back, neck and shoulder injuries. Plaintiff contends the non-party subpoena should be quashed because (i) it is impermissibly being used for the purpose of discovery; (ii) the requested information is irrelevant; (iii) it fails to state the reasons for such disclosure; (iv) the information can be obtained through other sources. The Firm contends that the subpoena is overbroad, seeks disclosure of information that requires plaintiff's authorization, is unduly burdensome, and in any event, is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant Geras opposes the motions arguing principally that the information being sought is relevant to plaintiff's claim of emotional damages in her employment discrimination case. The court has neither read nor considered the plaintiff's reply letter or the Firm's reply letter both dated September 1, 2011. See Local Rule 37.3(c).

      Fed. R. Civ. P. 45 provides for the issuance of a subpoena *duces tecum* to obtain discovery from a non-party. Fed. R. Civ. P. 45. "Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 3454 (S.D.N.Y. 2011) (citation omitted). Pursuant to Rule 26(b)(1), a party may obtain discovery "that is relevant to any party's claim or defense" and "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "On timely motion, the issuing court must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies; or ... subjects a person to undue burden." Fed. R. Cvi. P. 45(3)(A). "Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." *Corbett v. eHome Credit Corp.,* No. 10-CV-26 (JG)(RLM), 2010 WL 3023870, at *3 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citation omitted). The courts are directed to consider whether: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is

more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). "In assessing these considerations, special weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation." *Cohen v. City of New York*, No. 05 Civ. 6780 (RJS)(JCF), 2010 WL 1837782, at *3 (S.D.N.Y. May 6, 2010) (internal quotation marks and citation omitted); *see also Corbett*, 2010 WL 3023870, at *3 ("A subpoena that pursues material with little apparent or likely relevance to the subject matter, . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous, particularly where, as here, the person or entity on whom the demand is made is not a party to the action") (internal quotation marks and citations omitted).

With respect to plaintiff, "[a] party ordinarily lacks standing to challenge a non-party subpoena with a motion . . . to quash unless the party is seeking to protect a personal privilege or right. S*ee Malmberg v. United States,* 2010 U.S. Dist. LEXIS 28784 *3 (N.D.N.Y. Mar. 24, 2010). Here, however, the plaintiff has a legitimate privacy interest in the contents of her own personal injury files maintained by her counsel, and thus, can challenge the subpoena. Accordingly, the court will turn to the issue of whether the information being sought is relevant to the claims and defenses in this employment discrimination action, and if relevant, weigh defendants' right to obtain that discovery against the burden imposed on plaintiff. *See id.* at 67-69.

The motions to quash the non-party subpoena are granted. Although some of the documents subpoenaed by defendant Geras in this matter may arguably satisfy the broad concept of relevance for discovery purposes, defendant Geras has failed to persuade the court that the documents concerning unrelated personal injury litigations bear any more than a "doubtful or tangential" relationship to the allegations of emotional distress in plaintiff's employment discrimination action. *Cf. Ackerman v. New York City Dep't of Info. Tech.,* No. 09 CV 2436 (JBW)(LB), 2010 WL 1172625, at *1 (E.D.N.Y. Mar. 24, 2010) (holding that where the information sought by the subpoena is of "doubtful and tangential" relevance, "enforcement of the subpoena would constitute an unreasonable or burdensome misuse of the discovery process"). Hence, on balance, the third-party subpoena is unduly burdensome. Moreover, plaintiff has executed medical releases concerning her physical injuries, which defendant Geras can obtain in order to evaluate plaintiff's claim. Finally, any non-privileged information from court filings can easily be obtained through public sources.

Dated: Central Islip, New York
        September 12, 2011

SO ORDERED:

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge